## Schenck's Appeal.
## Miller *versus* Schenck.

A judgment was entered upon a warrant of attorney in a judgment-note. In order to stay execution upon the judgment, the defendant gave plaintiff new judgment notes for the original debt, and upon these notes judgments were entered.   Upon a rule to open these judgments, the court decided against the defendant upon the merits.   Afterwards defendant applied for a rule to open the original judgment; *Held*, that the effect of the above decision of the court was the same as though a rule to open the first judgment had been taken and discharged.   *Held, further*, that any defence to the first judgment, on the ground of fraud, could not be taken advantage of by defendant, as he was estopped from setting up such fraud by the subsequent delivery of other notes.

March 16th 1880.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.   GREEN, J., absent.

Appeal from the Court of Common Pleas of *Wyoming county:* Of January Term 1880.   No. 294.

Appeal of John C. Schenck, under the Act of April 4th 1877, Pamph. L. 53, from the decision of the court refusing to open a judgment entered on a warrant of attorney and let the defendant into a defence.

The application was based on a petition of Schenck, filed January 12th 1880, and affidavits which set forth that the original judgment was entered on November 24th 1876, upon a note which contained a confession of judgment for $1000, made by Thomas May, and by appellant as his surety, in payment of certain articles which May bought from Miller, under the following circumstances: Miller was the receiver in an equity proceeding between one Hathaway and May, in which the former was plaintiff and the latter defendant.   Miller appointed one Martin to sell a stock of goods to May.   Martin proposed to May to let him have the goods for $1000, but would not take May's note for the amount unless secured.   May then made the note in controversy, and persuaded Schenck to sign it as surety.   Schenck refused unless he could be secured, and May proposed to secure Schenck as follows: 1. He agreed to give him $50.   2. He assigned him a claim between Hathaway & May of $744, and represented it to be a judgment. 3. He assigned him a receipt of $1450 to apply on a judgment, C. Detrick *v.* Thomas May.   The $50 was never paid.   There was

no such judgment as that assigned. May had obtained an award against Hathaway & May for $744, but the defendants had appealed, and there was nothing there but a lawsuit, and May and Martin both knew it. The defendant therefore asked that the judgment should be opened on the ground, that being an ignorant Dutchman, a gross fraud had been practiced upon him by Miller, the plaintiff, through his agent Martin, in obtaining the judgment.

Miller filed a plea which set forth substantially that execution had issued on said judgment in November 1877, and again in April 1878; that in order to extend the time of payment and to settle disputes arising from the attempt to open the judgment, Schenck had given new judgment notes, with other security, for the same debt represented by the original judgment; that judgment had been entered on these notes; that defendant had obtained a rule to open one of these judgments; that all the questions and matters upon which the present proceeding is based were then considered, and the rule was dismissed and no appeal was taken therefrom, and that by reason of the premises, the court refused to grant to the appellant the opportunity of again interposing the same defence as against the same debt.

The court below refused to open the judgment, when the defendant took this writ and assigned this action for error.

*Piatt & Sons* and *Sittser & Harding*, for appellant.—The fraud of Martin, the agent of Miller, affects the judgment the same as if Miller had participated personally in the fraud: Mundorff v. Wickersham, 13 P. F. Smith 87; Hunt v. Moore, 2·Barr 105–7; 2 W. & S. 314–6; Musser v. Hyde, Paley on Agency 258.

The only reason given by the court in refusing to grant a rule, was that a similar application had already been disposed of by the court. It nowhere appears upon the record that Schenck had before made an application to open this judgment. The affidavits set forth a clear and gross fraud, and he had a right to a hearing on the facts therein set forth.

*W. E. & C. A. Little*, for appellee.—Martin was Miller's agent for the purpose of selling certain goods, and not for the purpose of securing May's security. Martin was a special agent: Story's Agency, sects. 17, 21. A false affirmation of a matter resting in opinion, or of a fact equally open to the knowledge or inquiry of both parties, is not available to avoid the judgment. Here the parties dealt on equal terms. There was no relation of confidence between them: Fulton v. Hood et al., 10 Casey 365–67. The Act of 1877 does not apply to the refusal of the court to open a judgment afterwards revived by agreement of the parties: Lamb's Appeal, 8 Norris 407.

Mr. Justice GORDON delivered the opinion of the court, May 3d 1880.

This was a petition by John C. Schenk, the appellant, to open a judgment entered on a warrant of attorney which he had executed as surety for Thomas May. The court below refused this application on the ground that a like petition had been previously heard and disposed of. If this were correct, if the appellant had had, in this particular, his day in court, and had neglected or refused to appeal from its decree, that certainly ought to end the controversy. He ought not to be permitted to renew his application whenever an attempt was made to collect the judgment by execution. It is, indeed, not strictly correct to say, that disposition was made of an application to open the very judgment in hand, for the rule was to open one of two judgments, subsequently given by the appellant and his son in settlement of the one now in controversy. Nevertheless the effect is the same; for though the appellant might have been induced by the representations of Martin, Miller's agent, to sign the one thousand dollar note, yet if, after he had full time to inform himself of the character of those representations, he, in consideration of an extension of the time of payment, settled with, and executed new notes to Miller, he would, thereby, most certainly be concluded and estopped from setting up the fraud of the agent in the original transaction

The complaint is, that through Martin's representations, the appellant was induced to believe that the assignment of a certain receipt, given by one Detrick to Charles May, on a judgment against Thomas May, would answer to secure him as surety of Thomas May. It was supposed that this receipt would have the effect of an assignment, or would have the effect of subrogating Charles May to the right of Detrick in the judgment. Now, in the first place, whether this representation, if made, was false or not, we have no means of judging, for neither the paper itself nor proof of its contents is before us.

Then again, we have further, the testimony of Schenck himself that, however much he might have been deceived as to the value of the receipt, Martin had no part in the work of deception. He says, at the time he signed the note in controversy, May was to make him a present of $50, assign to him a claim he had against Hathaway and May, which he valued at $740, and the Detrick receipt. He further says he asked Martin if those papers were good for what he signed, and that he answered that they were good for what they called for. He also testifies that neither Miller nor Martin held out any inducements in order to obtain his signature to either of the three notes. Finally: the judgment in controversy was dated November 23d 1876, payable at one year; on the first of April 1878, some three months after the judgment became due, the parties came together, and in consideration of an extension of

[Schenck's Appeal.]

one and two years, two new judgment notes were executed by the appellant and his son in settlement of the original judgment. Now, it may be that Schenck was a very ignorant man, and did not know that a receipt would amount to nothing as collateral security; yet this plea of ignorance is, in itself, hardly sufficient to account for a delay of three years in time; to remove the effect of his own testimony, and set aside his deliberate ratification of the original contract, fifteen months after he had entered into it.

The decree or order of the court below is affirmed.