## Ahl to use of Long v. Goodhart et al., Appellants.

*Res adjudicata—Judgment—Scire facias to revive.*

Where a rule to open a judgment confessed has been discharged, the defendant cannot subsequently, on a scire facias to revive the judgment, set up as a defence the same matters that were passed upon by the court on the rule to open the judgment. Such matters are res adjudicata.

*Practice, Supreme Court—Paper-books.*

In such a case on an appeal from a judgment on the scire facias, the appellant must print in his paper-book the affidavit of defence to the scire facias, and the opinion of the court discharging the rule to open the judgment.

Argued April 25, 1894. Appeal, No. 365, Jan. T., 1893, by defendants, Alexander Goodhart et al., from judgment of C. P. Cumberland Co., Sept T., 1891, No. 257, on verdict for plaintiff, T. W. Ahl for use of C. Long. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias to revive judgment. Before SADLER, P. J.

At the trial it appeared that the judgment had been confessed for the purchase money of land. Defendants claimed that it was to be paid by iron ore mined from the land, and that they had delivered sufficient ore to pay the debt. This defence had previously been set up on a "rule to show cause why the judgment should not be marked satisfied and why it should not be

opened and the defendants allowed to defend," which rule the court had discharged.

The court under objection and exception rejected the evidence. [1]

Binding instruction was given for plaintiff. [2]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1) ruling; (2) instructions; quoting them.

*S. M. Leidich,* for appellants, cited: Act of March 14, 1876, P. L. 7; Riddle's Ap., 104 Pa. 174; Felt v. Cook, 95 Pa. 247; Jenkintown Nat. Bank's Ap., 124 Pa. 337; Curtis v. Slosson, 6 Pa. 265; Hartzell v. Reiss, 1 Bin. 289; Richard's Ap., 127 Pa. 63; Wilson v. Wilson, 137 Pa. 281; Day v. Osborn, 19 W. N. 443; Quinn's Ap., 86 Pa. 447.

*Edward B. Watts, E. W. Biddle* with him, for appellee, cited: Frauenthal's Ap., 100 Pa. 290; Gordinier's Ap., 89 Pa. 528; Schenck's Ap., 94 Pa. 37; Penna. Transportation Co. v. R. R., 11 W. N. 35; Given's Ap., 121 Pa. 260; Shaw v. Blakey, 4 Kulp, 191.

PER CURIAM, May 7, 1894:

Appellant's paper-book is defective in that it does not contain either the affidavit of defence to this scire facias, or the opinion of the court, January 22, 1892, discharging, at petitioners' costs, the "rule to show cause why the judgment should not be marked satisfied, and why it should not be opened and the defendants allowed to defend." This would be good ground for summarily disposing of the appeal; but, inasmuch as the appellee has supplied these essential portions of the record, the case may be disposed of on its merits.

An inspection of the record, including the opinion referred to, discloses the fact that the matters interposed as a defence to this scire facias are substantially the same as those passed upon by the court on said rule to show cause, etc., and are therefore res adjudicata: Gordinier's Ap., 89 Pa. 528; Miller v. Schenck, 94 Pa. 37; Frauenthal's Ap., 100 Pa. 290. The principle of the cases is that a party who has submitted his alleged grievance to a court of competent jurisdiction and has

had the same adjudicated, has had his day in court, and cannot be again heard, as to the same matters, in another form of proceeding.

Judgment affirmed.