## Hirschlan v. Krechman, Appellant.

*Judgment—Opening judgment—Evidence—Laches.*

An application to open a judgment is an equitable proceeding. The court acts as a chancellor and is controlled by equitable principles. Gross laches is a circumstance of great and sometimes controlling weight and cannot properly be ignored by a court exercising the powers of a court of chancery. It is a mistake to suppose that the court to which the application is made, cannot judge of the weight of the evidence and the credibility of the witnesses but must in every case, where there is a conflict of testimony, send the case to a jury.

A judgment entered on a judgment note executed by a married woman will not be opened on the ground that the defendant's signature was procured by threats, where it appears that the defendant delayed for six months to move to have the judgment opened, and that her testimony in support of the application was conflicting and contradictory.

Argued Dec. 14, 1901. Appeal, No. 260, Oct. T., 1901, by defendant, from order of C. P. No. 4, Phila. Co., June T., 1900, No. 1347, discharging rule to open judgment in case of Abraham Hirschlan v. Hyman Krechman and Annie Krechman. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to open judgment.

*Error assigned* was order discharging rule to open judgment.

*Joseph S. Goodbread*, for appellant.

*Max Herzberg*, for appellee.

OPINION BY ORLADY, J., April 21, 1902:

The court below discharged a rule to show cause why a judgment entered against the appellant should not be opened. The application was made by a wife, who signed a note which had been previously executed by her husband. The sole defense to it is that the plaintiff "by threats of arrest and persecution compelled the petitioner to sign the note." The note bears date of July 21, 1900, and a judgment was entered thereon on September 11, 1900. Within a few days an execution was issued which was returned nulla bona. This was followed by a bill of discovery and other proceedings in the court, but the appellant did not move to have the judgment opened as to her until March 27, 1901. While there is in this case more than mere oath against oath, the testimony taken in support of the rule is so conflicting that the facts set out in the original petition are not supported in such a way as to justify the court in lending its aid to her relief. The appellant is discredited owing to her own contradictory statements and admissions, which, combined with her delay in seeking relief, make this a very doubtful case.

It should be borne in mind that an application to open a judgment is an equitable proceeding. The court acts as a chancellor and is controlled by equitable principles. Gross laches is a circumstance of great, and sometimes controlling, weight and cannot properly be ignored by a court exercising the powers of a court of chancery: Rehm v. Frank, 16 Pa. Superior Ct. 175. It is a mistake to suppose that the court, to which the application is made, cannot judge of the weight of the evidence and the credibility of the witnesses but must in every case, where there is a conflict of testimony, send the case to a jury: Blauvelt v. Kemon, 196 Pa. 128.

The judgment is affirmed.