## Fryberger *v.* Motter, Appellant.

*Judgment—Judgment note—Opening judgment—Laches—Contradictory evidence.*

Where a judgment note is not entered up until five years after its date, and no rule is taken to open it until four years after its entry, and the testimony taken on the rule to open is contradictory in character, the court acting as a chancellor and controlled by equitable principles is justified in refusing to open the judgment.

Argued Oct. 30, 1903.    Appeal, No. 153, Oct. T., 1903, by defendants, from order of C. P. Centre Co., Jan. T., 1899, No. 16, discharging rule to open judgment in case of C. T. Fryberger v. Margaret Motter and Frank Motter.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON. and HENDERSON, JJ.    Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was order of the court discharging rule to open judgment.

*Clement Dale,* with him *James Nolan,* for appellants.

*Wilbur F. Reeder,* for appellee.

OPINION BY ORLADY, J., March 14, 1904:

The note on which this judgment was founded was signed in 1894, the judgment thereon was entered in 1899, and neither defendant made any attempt to have it opened until February, 1903. The contradictory testimony and the delay in seeking relief furnished sufficient reason to justify the court, acting as a chancellor and controlled by equitable principles, in making the decree it did : Hirschlan v. Krechman, 20 Pa. Superior Ct. 227 ; Shannon v. Castner, 21 Pa. Superior Ct. 294.

The judgment is affirmed.