## Brungart v. Butler, Appellant.

*Judgment—Opening judgment—Laches—Discretion of court.*

1. Gross laches in prosecuting an application to open a judgment is a circumstance of great, and sometimes controlling weight in determining whether the judgment should be opened, and cannot properly be ignored by a court exercising the power of a court of chancery. The law does not absolutely fix any period of time within which a defendant must move to open a judgment, but delay long persisted in after knowledge of all the facts, always casts greater or less doubt on the bona fides of the defense set up, and gives weight and probability to the evidence adduced to rebut it.

2. Where a defendant takes a rule to open a judgment after execution has issued and by various devices including failures to appear, delays the final disposition of the rule for over two years and shows by his conduct a deliberate intention to ignore the court below and

to delay the plaintiff's cause, the appellate court will not reverse the order of the court below discharging the rule to open the judgment, and imposing the costs upon the defendant.

Argued Oct. 29, 1912. Appeal, No. 262, Oct. T., 1911, by defendants, from order of C. P. Centre Co., May T., 1909, No. 175, discharging rule to open judgment in case of Cyrus Brungart, Sheriff, v. Burdine Butler, Mary Butler, Executrix of James Butler, deceased, and Robert Cooke. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to open judgment. Before HALL, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*C. S. McCormick*, for appellants.

*S. D. Gettig*, with him *John J. Bower* and *W. D. Zerby*, for appellee.

OPINION BY PORTER, J., February 27, 1913:

This proceeding is an echo of litigation which brought into this court two appeals, growing out of a sheriff's interpleader, Thomas v. Butler, 16 Pa. Superior Ct. 268, and 24 Pa. Superior Ct. 305. Butler, this appellant, having several judgments against D. R. Thomas caused execution to be levied on certain personal property which was claimed by Mary S. Thomas, the wife of the defendant in the execution, and, the parties having been duly required to interplead, an issue was framed to determine the ownership of the property. That issue was finally determined in favor of Mary S. Thomas, the claimant of the goods. While that issue was pending, in 1902, Butler procured to be assigned to him a judgment held by McCalmont & Co. against D. R. Thomas, caused an execution to issue thereon and requested this plaintiff,

who was then sheriff, to levy upon the same property, the ownership of which was involved in the then pending issue. In order to induce the sheriff, Brungart, to make the levy, Butler tendered and delivered to the sheriff his bond, with the other defendants in the present action as sureties in the penal sum of $500, with warrant of attorney to confess judgment, conditioned that, "if the said Burdine Butler shall fully indemnify and save harmless the above named sheriff . . . . of and from all matter of suits, costs, charges and damages whatsoever by reason of his levying upon, or levying upon and selling by direction of the said plaintiff, and by virtue of said writ, the goods and chattels of any person or persons whatsoever, as or supposing them to be the property of the said D. R. Thomas, then this obligation to be void, or else to be and remain in full force and virtue." Judgment by confession was, on October 25, 1902, entered upon this bond against the defendants. A scire facias was duly issued upon this judgment, on April 9, 1909, returnable to the third Monday of May, 1909, and was personally served upon the defendants on April 10, 1909. The defendants neither appeared nor filed an affidavit of defense and, for such default, judgment was duly entered against them on July 13, 1909, and the amount thereof liquidated at $153.99. Execution was issued upon this judgment on the same day and levy made on personal property of Burdine Butler and on the twenty-eighth of the same month the property was advertised for sale. Burdine Butler did nothing until August 3, 1909, when he presented his petition for a rule to show cause why the judgment should not be opened, and thereupon the court granted a rule returnable to the first Monday of September, 1909. The plaintiff, on August 30, 1909, filed an answer to the petition of Butler, denying all the material allegations of that petition. The appellant, on August 11, 1909, procured a rule to take depositions of witnesses, but although the taking of those depositions was completed on September 21, following, the testimony was never filed

in the court below until March 7, 1910, the testimony taken on behalf of the plaintiff having been filed on November 22, 1909. The president judge of the court below having, prior to his elevation to the bench, been of counsel in this case it became necessary to have the pending rule disposed of by a judge from another district. A special term of court for the disposition of cases in which the president judge of the district could not act was fixed for October 30, 1911, and the learned president judge of the twenty-fifth judicial district was duly assigned to hold said term under the provisions of the act of April 27, 1911, P. L. 101. The rule to show cause why this judgment should not be opened was regularly upon the list for disposition at that term and was duly called in regular order, but no one responding for the rule the case was allowed to go over until after the conclusion of jury trials, in order to give the defendant or his counsel an opportunity to appear. When the jury trials had all been disposed of this case was again called for argument, the appellant and his counsel of record being called and failing to respond, the rule was discharged. From that order, discharging the rule to open the judgment, made in such circumstances, we have this appeal.

The only party who has made any attempt to open this judgment is Butler, the principal in the bond upon which the original judgment was entered; the sureties upon that bond have taken no steps to question any of these proceedings. The judgment which Butler sought to have opened was not a judgment entered by confession upon a warrant of attorney. This judgment was entered for a default, after due service of a writ, in the manner expressly authorized by statute. An application to open a judgment is an equitable proceeding, in which the court is controlled by equitable principles. "Gross laches is a circumstance of great, and sometimes controlling weight, and cannot properly be ignored by a court exercising the powers of a court of chancery. The law does not absolutely fix any period of time within which a de-

fendant must move to open a judgment, but delay long
persisted in after knowledge of all the facts always casts
greater or less doubt on the bona fides of the defense set
up, and gives weight and probability to the evidence
adduced to rebut it:" Rehm v. Frank, 16 Pa. Superior Ct.
175; Hirschlan v. Krechman, 20 Pa. Superior Ct. 227.
The writ of scire facias in the present case was served
personally upon the appellant more than a month before
the return day and he neither appeared nor took any steps
to cause an appearance to be entered for him. The ap-
pellee cannot be accused of having acted with undue
haste for he waited more than a month after the return
day before causing judgment to be entered against the
appellant in default of an appearance. The appellant de-
liberately waited for more than a month after an execution
had been issued and levied upon his personal property
and after the plaintiff had incurred the cost of advertising
the sale, before taking any steps to show cause why judg-
ment should not be entered against him. When he did
obtain the rule to show cause why the judgment should
not be opened, he became the actor in the proceeding to
open. The burden was upon him to at least attempt to
present some sort of excuse for his delay, as well as to
present a defense to the action.

The testimony of the plaintiff was taken in support of his
rule and, in explanation of his failure to appear to the
action he testified that the writ of scire facias had not
been served upon him personally. This was in flat con-
tradiction of the return of the sheriff and that official
return was corroborated by the testimony of Sheriff
Hurley, whose deposition was taken under a rule, who
swore that he had served the writ personally upon this
appellant. This being the case we certainly would not
be warranted in holding the learned judge of the court
below guilty of an abuse of discretion in holding that the
assertion of the appellant that the writ had not been
personally served upon him was not true. The whole
course of this appellant would certainly justify the con-

clusion that his deliberate purpose was to delay the plaintiff's cause. He first ignored the writ of scire facias for almost four months after it was served upon him. Having obtained a rule to show cause why the judgment should not be opened and taken depositions in support of that rule, he retained those depositions for five months before filing them in court, and finally, after the plaintiff had been delayed for over two years, when the rule was regularly upon the argument list for disposition, neither he nor his counsel appeared. Among the rules of the court below is the following: "All cases intended for argument and all rules to show cause, shall, when obtained, be immediately entered upon an argument list, to be prepared and kept for that purpose by the prothonotary; and any case which shall have been on the list for ten days preceding any argument court, shall be disposed of, unless the same be continued by consent of all the parties in interest or by the court." This case had been on the argument list for many months; it was one of those cases in which the president judge of the district could not act and the president judge of another district was holding that special term of court for the disposition of precisely such cases. The purpose of the appellant seems to have been to ignore the court below, for having failed to appear when the case was regularly called upon the argument list, he never made any attempt to explain his absence to the court below, nor did he even ask to have his rule reinstated. If there was any explanation for the failure of the appellant or his counsel to appear when the rule was on the argument list for disposition in regular order, that explanation should have presented to the court below, with a petition for reinstatement of the rule. Our system of judicial procedure contemplates that the contentions of the parties shall fully and fairly be presented to the court of original jurisdiction, and when a litigant attempts to ignore that court or a judge thereof, he ought not to expect an appellate court to convict the court below of an abuse of discretion. With regard to the merits of

the contention of the appellant that he ought not to be required to pay the costs and expenses which the plaintiff seeks to recover in this action, it is important to remember that the laches of the appellant, the course which he has seen fit to adopt in this proceeding, has resulted in an accumulation of costs probably exceeding the entire amount which the plaintiff sought to recover. This being an equitable proceeding the question is not whether the expenses for which the plaintiff obtained judgment were technically within the condition of the bond which the plaintiff gave, but, rather, whether this appellant ought in good conscience to reimburse the plaintiff. The appellant testified that he took no part whatever in the proceeding in which the costs were incurred, but his testimony upon this point was directly contradicted by that of several witnesses. The testimony certainly would have warranted a finding that the appellant employed counsel to conduct the proceeding in which the costs were incurred, and approved all that the sheriff did. That testimony, taken in connection with the laches of the appellant, leads to the conclusion that the court below ought not to be held to have abused its discretion.

The order of the court below is affirmed and the appeal dismissed at cost of the appellant.