# Aronson, Appellant, *v.* Mackey.

*Mortgages—Sci. fa.—Failure of consideration—Evidence—Admissibility.*

On a sci. fa. sur mortgage the defense advanced was that the mortgagee had failed to carry out the contract to complete the dwelling on which the mortgage was given. In such case, evidence was admissible on the part of the defendant to show that the plaintiff—mortgagee had made representations as to the character of the materials and workmanship involved in the construction of the dwelling house, that the defendant had relied on such representations, that they were false, and that, shortly after he took possession of the building, defects began to develop which were due to improper and defective workmanship.

It was entirely proper for the defendant to show that fraudulent representations had been made to him with regard to the manner in which the building, which constituted the consideration for the mortgage, had been constructed and the materials which had been used in such construction.

The case was for the jury and it was their exclusive province to consider and pass upon the testimony, and if they found the allegations of the defendant were true, then to ascertain the damages sustained by him, and if they were less than plaintiff's claim to deduct the same therefrom.

*Practice, C. P.—New trial—Discretion of the court.*

The granting of a new trial is a matter in which the trial court is vested with discretion and the appellate court will only reverse when there has been a clear abuse of such discretion.

Argued December 8, 1924. Appeal, No. 135, April T., 1925, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1923, No. 950, on verdict for plaintiff in the case of Morris Aronson, Appellant, v. Milton A. Mackey. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Sci. fa. sur mortgage. Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

108, (1925).]          Opinion of the Court.

Verdict for plaintiff in the sum of $397.45 and judgment thereon.  Plaintiff appealed.

*Errors assigned* were various rulings on evidence and refusal of plaintiff's motion for a new trial.

*Scott & Purdy,* and with them *Richardson & Rogers,* for appellant.

*Ben Paul Brasley,* for appellee.

OPINION BY PORTER, J., March 13, 1925:

This action is a scire facias upon a mortgage given for the purchase money of a dwelling house and the lot upon which it was built, and the plaintiff seeks to recover the sum of $6,000, the balance alleged to be due. The trial in the court below resulted in a verdict in favor of the plaintiff for $397.45, the court overruled a motion for a new trial and judgment was entered upon the verdict.  The plaintiff appeals.

The parties had, on March 7, 1922, entered into articles of agreement, under which the plaintiff agreed to sell and convey to the defendant the property described, for the consideration of $32,500.  This agreement clearly disclosed that the dwelling and the garage thereto appurtenant were then in course of construction and unfinished.  On April 11, 1922, the plaintiff executed and delivered to the defendant a deed for the property and the defendant executed and delivered to the plaintiff the mortgage in question.  Contemporaneously with the execution and delivery of the deed and the mortgage the parties entered into a written agreement, which again clearly disclosed that the construction of the building was not yet completed, and which included the following covenant: "Said party of the first part (the plaintiff) further covenants to fully perform all of his undertakings with reference to completing and finishing the building erected upon said lot, and especially to pay for

all chandeliers and lighting fixtures selected by said party of the second part, and to have the same properly installed in said building; to have all doors and windows of said building operate freely; to terrace grounds; to complete driveway, and otherwise prepare the building thereon for occupancy." This written agreement, executed at the time the deed and mortgage were delivered, must be construed in connection with said instruments, and clearly indicates that the plaintiff had not then performed "all of his undertakings with reference to completing and finishing the building." When the writ of scire facias was served upon the defendant he filed an affidavit of defense in which he averred, inter alia: "That at the time the defendant agreed to buy the said real estate, to wit, on or about March 7, 1922, the plaintiff, for the purpose of cheating and defrauding the defendant, and to induce him, the defendant, to purchase the said real estate, falsely and fraudulently represented to the defendant that the dwelling house, which the plaintiff was erecting on said lot, and which was then almost completed, was erected and constructed in a proper and workmanlike manner; that the materials used therein were of good and proper quality, and kind, and that the said house was built in a proper and workmanlike manner, and that the materials used therein, including those which were built in and covered up, and not open to casual inspection, were of good and proper quality, and were materials of the quality and kind which ordinarily were used and placed in new and modern dwelling houses of the said character and price, and that relying on the said statement and representations of the plaintiff, the defendant agreed to purchase and did purchase the said dwelling house from the plaintiff for a large sum." The affidavit further averred that at the time the property was conveyed to him the plaintiff had not completed the erection of the dwelling house, but conducted and carried on such construction after the purchase-money mortgage was delivered; that the

defendant relied upon the representations of the plaintiff when he executed and delivered the purchase-money mortgage. The affidavit then proceeded to set forth at length that the representations made by the plaintiff as to the workmanship and materials employed in the construction of the building were false and fraudulent; that the materials used therein were of an inferior and improper quality; that the construction was not in a proper and workmanlike manner, and set forth in detail what materials were defective and the character of the defects therein and the respects in which the construction was unworkmanlike and careless; and recited the defects which had developed in the building after he occupied it and the specific amounts which it would be necessary to expend to remedy the defects and put the building in the condition in which it ought to have been if the representations of the plaintiff as to the manner in which it had been constructed had been true.

The first assignment of error refers to the overruling of the objection of the plaintiff to an offer of the defendant to prove the facts, above recited, set forth in the affidavit of defense; in substance, that the plaintiff had made the representations as to the character of the materials and workmanship involved in the construction of the dwelling house; that the defendant had relied on such representations; that the representations were false; that shortly after he took possession of the building defects began to develop in the work; that such defects were due to improper material and defective workmanship; and to show specifically what the defects were and that they were due to defective workmanship and improper materials. The learned counsel for the appellant contends that the effect of this ruling was to permit the admission of oral testimony to vary and contradict the terms of the written agreement, that is, the mortgage.

This scire facias is, in truth, nothing more than a proceeding for the recovery of a debt due to the plaintiff,

and the defendant might put in any lawful plea in avoidance of the debt. When a plaintiff sues to recover the consideration of a sale, it has always been competent for the defendant to show that such consideration has failed in whole or in part: Cross v. Noble, 67 Pa. 74. The written agreement which these parties had entered into, contemporaneously with the delivery of the mortgage, clearly disclosed that the construction of the dwelling house, which constituted the consideration for which the mortgage was given, had not been completed; that the mortgagee was yet to perform "all of his undertakings with reference to 'completing and finishing the building erected upon said lot.'" The representations which the plaintiff was alleged to have made with regard to the character of the materials used and the workmanship employed in the construction of the dwelling were undoubtedly material, as affecting the value of the consideration for which the mortgage was given. The plaintiff had due notice, by the affidavit of defense, of the character of the defense upon which the appellee relied. It was entirely competent for the defendant to show that fraudulent representations had been made to him with regard to the manner in which the building, which constituted the consideration for the mortgage, had been constructed and the materials which had been used in such construction: Rice v. Olin, 79 Pa. 391; McNeile v. Cridland, 168 Pa. 16. It was the exclusive province of the jury to consider and pass upon the testimony, and, if they found the allegations of the defendant were true, then to ascertain the damages sustained by him, and if they were less than plaintiff's claim, to deduct the same therefrom. The offer was not to alter or contradict the covenants of the mortgage, but to prove that false and fraudulent representations had been made with regard to the subject-matter of the contract, for the purpose of inducing the defendant to make the purchase; that defendant had relied on the representations; that the representations were false, and that

the defendant thereby suffered damage. "In order to be able to declare how far a written instrument is exclusive of oral testimony, it is essential to ascertain its purpose. It is the purpose of a conveyance to declare the transfer of a title......of a bond, to acknowledge an existing debt......As effective of the special purpose for which a written instrument is executed, the writing, when there is no legal or equitable objection to its validity and completeness, is exclusive of all oral testimony to establish the fact or facts declared by it; but it does not exclude oral testimony of collateral facts, which, according to the purpose of the instrument, could not properly be declared in it, even though these facts may show a countervailing right, that neutralizes the obligation defined by the writing": Miller v. Fichthorn, 31 Pa. 252. There was no doubt, under the evidence in this case, that the representations upon which the defendant relied had been made, the plaintiff so admitted in his testimony. As to whether they were false, or if false, material to the value of the property, there was a conflict of testimony, and those were necessarily questions for the jury. The fact that several weeks intervened between the execution of the original agreement of the parties and the execution of the deed and mortgage and that the defendant might have had an opportunity to examine as to the manner in which the building was constructed, might have afforded ground for an argument to the jury, either that there had been no fraud perpetrated, or that it had been waived by the defendant, but it would have been error for the court to rule it as a question of law: Rice v. Olin, supra. The first assignment of error is overruled.

The second assignment of error refers to the refusal of the court to grant a new trial. The principal reason urged upon the court below for the granting of a new trial was that plaintiff had discovered a material witness, who had not been known to plaintiff at the time of the trial. In support of this motion the plaintiff filed

an affidavit executed by one Bongiovanni, stating that the defendant had upon several occasions visited the building during the course of construction, and on one occasion had been accompanied by an engineer, and had expressed himself as satisfied with what was being done. This question of fact had been thoroughly threshed out at the trial. The affidavit in question was merely cumulative. The granting of a new trial is a matter in which the trial court is vested with discretion and the appellate court will only reverse when there has been a clear abuse of such discretion. The second assignment of error is overruled.

The judgment is affirmed.