# Frendlich v. Montgomery et al., Appellant.

*Contracts—Contract of employment—Evidence—Case for jury.*

In an action of assumpsit to recover wages alleged to be due on a written agreement of employment, the case was for the jury and a verdict for the plaintiff will be sustained, where it appeared that there was a dispute as to whether plaintiff had been discharged for incompetence, and the oral evidence raised disputes of fact.

*Practice—Motions to continue and for new trials—Discretion of court.*

Motions to continue and for new trials are addressed to the discretion of the court and, on appeal, the appellate court will not interfere unless obvious abuse of such discretion appears.

Argued October 7, 1926. Appeals Nos. 39 and 40, October T., 1926, by defendants, from judgment of C. P. No. 2 Philadelphia County, March T., 1925, Nos. 849 and 850, in the case of John Cameron Frendlich v. Henry S. Montgomery and John Cameron Frendlich v. Montgomery Brothers, Inc. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover wages alleged to be due on a written agreement of employment. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $2361.85 and judgment thereon.   Defendants appealed.

*Error assigned,* among others, was refusal of defendants' motion for binding instructions and for a new trial.

*Trevor T. Matthews,* for appellants.

*J. W. McWilliams,* and with him *G. A. Troutman,* and *Charles S. Wesley,* for appellee.

OPINION BY LINN, J., November 17, 1926:

These appeals are from judgments in cases involving the same issues; they were tried together below, argued, together here and will be disposed of in one opinion.

The plaintiff sued for wages alleged to be due on a written agreement of employment for one year, signed by each defendant.   The contest centered on whether plaintiff had been discharged for incompetence.

Three complaints are now presented:   (1) that the cases when called for trial were not continued; (2) that binding instructions and a subsequent motion for judgment n. o. v. were refused; (3) that a new trial was not granted.

They are all without merit.   The familiar rule is that motions to continue are addressed to the discretion of the court, and that this court will not interfere unless obvious abuse of such discretion appears.   Appellants' brief suggests nothing to indicate that they sustained any hardship by going to trial.   The refusal of the motions for new trials is in the same category; there is nothing to indicate any abuse of discretion in refusing the motions.

Binding instructions for the defendants could not have been granted because the oral evidence raised disputes of fact necessarily to be settled by the jury. There was evidence that defendants found fault with plaintiff nearly five months after he commenced work, concerning a transaction on their behalf in Baltimore; it is undisputed that he reported for work from day to day thereafter until he was not only ordered out of the employer's premises but was arrested as a trespasser on those premises. There is a dispute concerning plaintiff's alleged resignation. The appellant, Mr. Montgomery, himself testified that on January 19th, immediately after the first interview concerning the Baltimore transaction, he reported that he had had words with plaintiff, and instructed another person that "you are not to leave him [plaintiff] in the factory"; he informed some one that he had "fired" the plaintiff. The record contains a stipulation by appellants' attorney that it was appellants' intention to terminate plaintiff's employment. In the brief appellants contend that binding instructions should have been given for them because plaintiff testified that after the dispute with the employer arose, plaintiff was told to take a holiday and refused, and that such refusal was insubordination justifying his dismissal. The obvious difficulty with that position is that it ignores the other evidence (part of which has been referred to) which may not be disregarded; the circumstances surrounding the matter must be considered. It was the duty of the jury to find the facts. This conclusion renders it unnecessary to discuss the authorities cited in the briefs.

Judgment affirmed.

Similar judgment was rendered in Appeal No. 40, October Term, 1926.