W. J. Young *v.* John Grant & Son, Appellant.

Argued April 11, 1929.

Before Trexler, Kel-
ler, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Fred C. Bolard,* and with him *A. L. Kerns,* for ap-
pellant.

*J. Perry Eckels,* for appellee.

Opinion by Keller, J., July 2, 1929:

The plaintiff claimed a balance of $1,331.83, with
interest from February 8, 1927, due him by the de-
fendants under a contract for erecting the reinforced
and structural steel of two buildings, which the latter
were constructing as general contractors for the
Hookless Fastener Company at Meadville, Pa. He re-
covered a verdict of $1,011.03, with interest as afore-
said, ($1,076.24). Defendants appealed, and file two
assignments of error: (1) That the charge of the
court was inadequate and misleading; (2) that the
court erred in refusing a new trial.

(1) The contract was in writing, in the form of an
accepted proposal, and provided that plaintiff should
"receive from trucks and put in place" all the neces-

sary reinforcing steel and all structural steel pieces weighing over 150 pounds, approximating 240 tons, for $12 per ton. The contract provided, in its printed conditions, that the steel was to be shipped in proper rotation and consecutively, so as to allow erecting to proceed continuously; and that if it should be found necessary to rehandle or store steel, either at the building site or at some other point, due to no fault of the plaintiff, proper allowance to cover the extra expense should be chargeable as an extra. The chief item in dispute grew out of this clause. When making the contract plaintiff had been required to allow the defendants $200 for certain racks which the latter had built for the storage of the steel, and plaintiff averred that it was the understanding that the trucks should deliver the steel at or near these racks; and the major portion of his disputed claim was for extra expense incurred in rehandling the steel due to its not having been delivered in proper rotation and having been unloaded at points distant from the storage racks. Defendants contended that the agreement was that the trucks should deliver the steel at the building site. As the contract was silent on the subject of where the trucks should be unloaded, and both parties supplemented the written agreement by oral evidence on the subject, we find no error in the action of the court below in leaving the question to the determination of the jury. Had the typewritten portion of the contract set forth the place where plaintiff was to receive the steel from the trucks, instructions by the court as to the weight to be given the typewritten portions of the contract over the printed portions would have been appropriate, but when both parties found it necessary to interpret the typewritten part by oral testimony, it was for the jury to determine just what the contract was in this respect. The charge of the court did contain some slight mistakes as respects the

quantities of steel received and erected; but as the differences between the parties on this point were small and the jury were instructed that they were to take their figures from the witnesses and not from the court, and as the verdict was for $320 less than the plaintiff's claim, we are satisfied that there was no reversible error in this respect.

With the above explanations, we do not consider the charge of the court to have been so inadequate as likely to have misled the jury, and it is only such inadequacy that is assignable under a general exception to the charge. If counsel for the appellants felt that the trial judge had insufficiently presented certain features of the case to the jury they should have requested further or more definite instructions on those points, when the judge asked if they had any suggestions to offer. The law on the subject of inadequacy of a judge's charge to the jury has been very clearly stated by the present Chief Justice in Fortney v. Breon, 245 Pa. 47 and Mastel v. Walker, 246 Pa. 65. In the light of the expressions in those cases we are unable to sustain the first assignment of error.

(2) The grounds relied on for asking a new trial were that the verdict was against (a) the law, (b) the evidence and (c) the weight of the evidence. In the absence of definite error on the part of the court below in the trial of a case, the grant of a new trial is largely in the discretion of the lower court: Aronson v. Mackey, 85 Pa. Superior Ct. 108, 114; Frendlich v. Montgomery, 89 Pa. Superior Ct. 179, 180. We find no abuse of that discretion here present. The second assignment of error is overruled.

The judgment is affirmed.