## Horn *v.* Witherspoon, Appellant.

Argued May 24, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*A. J. White Hutton,* for appellant.

*Edwin D. Strite,* with him *George W. Atherton,* for appellee.

Opinion by Mr. Justice Drew, June 25, 1937:

Appellant petitioned in the court below for a rule to open and let appellant in to an alleged defense to a judgment entered by confession on a mortgage bond. From the order dismissing the petition and refusing the rule this appeal was taken.

We think the court has not abused its discretion. A petition to open a judgment by confession is addressed to the sound discretion of the trial court *(Sferra v. Urling,* 324 Pa. 344; *George v. George,* 318 Pa. 203; *Kaier Company v. O'Brien,* 202 Pa. 153) and is essentially an equitable proceeding ruled by the principles of equity: *Jenkintown National Bank's Appeal,* 124 Pa. 337. The defense to the judgment was appellee's alleged fraud, sought to be made out by averments that when appellant in March, 1930, bought the property, for which the bond on which judgment was entered was part of the price, appellee represented she had been offered $5,000 for a part of it, that the representation was false, and that the whole property at the time was not worth that amount.

For three years after her purchase appellant paid interest but then began insolvency proceedings in a United States District Court. When, on October 3, 1934, the judgment here involved was entered and a *fieri facias* issued, execution was restrained by the District Court. Execution under an *alias* writ of July 25, 1935, was similarly obstructed. Finally, on January 7, 1936, the District Court order was vacated and a *pluries fieri facias* issued from the court below the same day. The sheriff's sale took place on January 31, 1936. Not until February 4, 1936, did appellant present her petition charging fraud.

Surely if appellant had any confidence in her claim she would have made it earlier; her delay of six years

casts doubt on the good faith of her intended defense (cf. *Littster v. Littster,* 151 Pa. 474; *Schenck's Appeal,* 94 Pa. 37; *Brungart v. Butler,* 52 Pa. Superior Ct. 349) and amply justifies the court below in thinking that it had no substance, but was only an effort further to employ legal procedure for postponing the time when she must finally keep her side of a bargain which, because of the subsequent decline in realty values, had proved a bad one.

The doctrine of laches has been held applicable to petitions to open judgments by confession as it is to other equitable proceedings: *O'Connor v. Flick,* 271 Pa. 249; *German v. Conover,* 52 Pa. Superior Ct. 473. Although the delay in those cases was longer than that here, a delay short of the period of limitation at law may call for the application of the doctrine: *Pitcairn v. Stuart,* 302 Pa. 499; *Hilliard v. Wood Carving Company,* 173 Pa. 1; *Dundas's Estate,* 136 Pa. 318; *Evan's Appeal,* 81 Pa. 278. And since each case is singular as to the lapse of time and circumstances that preclude equitable aid *(Youse v. McCarthy,* 51 Pa. Superior Ct. 306) we need no citation of authority to convince us the trial court did not abuse its discretion. The misrepresentation here alleged was made, if at all, in 1930. The petition avers neither failure nor inability to discover its falsity then. Notwithstanding, appellant paid interest without protest until 1933, and even then took no steps for relief from an obligation fraudulently induced, but rather began insolvency proceedings. Not until they were unavailing, except to hinder appellee, to increase costs of foreclosure, and to create a larger arrearage of rent and taxes, did she finally in 1936, after sale by the sheriff, present her petition making the claim of fraud. It was very properly dismissed.

Nothing in *Rice v. Olin,* 79 Pa. 391, and *Aronson v. Mackey,* 85 Pa. Superior Ct. 108, cited by appellants, is opposed to the conclusion we reach. In the former it was held that fraud and in the latter that failure of con-

sideration could properly be set up in defense to a *scire facias sur* mortgage. Neither touches upon laches and both are without point here.

Decree affirmed.