## Hargrove v. Addison et al.

*Milton Jacobson,* for plaintiff.
*Herbert C. Nelson,* for defendants.

FORREST, J., December 29, 1950.—A complaint in trespass for the recovery of alleged damages of $615, resulting from an automobile collision, was brought by Robert Hargrove, Jr., plaintiff, against Jetthro Addison and Whiting Brothers, defendants. The partnership of Whiting Brothers was served. Judgment for want of an appearance was taken against the part-

nership after notice was given to Herbert C. Nelson, Esq., who formerly had represented Orzel Whiting, one of the partners. In spite of this notice, Orzel Whiting refused to defend, claiming that the damages for the collision were settled by plaintiff's paying him a small sum of money, both parties having come to the conclusion that the accident was the result of plaintiff's negligence, he having hit the Whiting Brothers' truck while it was parked along the curb.

After the entry of the judgment, Orzel Whiting filed his petition to open the judgment after which depositions were taken. There seems to be little or no dispute about the facts, the essential ones having been recited heretofore. On the basis of these defendant, Orzel Whiting, contends that the judgment should be opened.

This case is not without difficulty since on the one hand we have the rights of plaintiff arising from the statutory procedural principles and the rights of defendant arising from the equities of the matter. In such a procedure the courts should be reluctant to allow equities to prevail over plaintiff's rights; however, in a proper case plaintiff's rights must be submerged by overwhelming equities.

"Petitions to open judgments by default are addressed to the trial court's sound discretion and are essentially equitable proceedings ruled by equitable principles: *Horn v. Witherspoon*, 327 Pa. 295; relief will be given where such a petition is promptly filed, the default reasonably explained or excused, and a defense shown to exist upon the merits: *Pinsky v. Master*, 343 Pa. 451, 452; *Fuel City Mfg. Co. v. Waynesbury P.C.*, *268* Pa. 441": Quaker City Chocolate and Confectioner Company v. Warnock, 347 Pa. 186, 190 (1943).

If we deny this application, irreparable damage may be done defendant for it may be that plaintiff's case

is without merit. If defendant substantiates his defenses plaintiff has no case and we feel that an opportunity should be allowed defendant to do so. Plaintiff will still have his day in court and has not been prejudiced by the delay.

And now, December 29, 1950, the rule is made absolute and the judgment is opened and defendant, Orzel Whiting, is allowed 20 days from this date to file his answer to the complaint.