## Riegel *et al. versus* Wilson.

1. A deposition was taken ex parte but with notice, on a rule to open a judgment. On the trial of the case the witness was alive and in the state. *Held*, that the deposition was admissible.

2. A defendant in a judgment on a note entered by order of the court for default of appearance pleaded freehold and obtained a stay of execution. The judgment afterwards having been opened, *Held*, that he was not estopped from setting up a failure of consideration for the note.

3. Being a freeholder he was entitled to stay under the Act of June 16th 1836 (Execution) without plea, and the court would set aside an execution if issued.

4. The fact of pleading his freehold was evidence against him.

5. Questions proposed to the court should be confined to matters of law, and if facts are introduced it should be hypothetically, leaving it to the jury to decide.

6. A judgment for default of appearance, may be opened after the term.

7. Opening a judgment rests in the discretion of the court below and cannot be reviewed on error.

January 21st 1869. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., absent. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Schuylkill county* : No. 138, to January Term 1869.

This was an action of assumpsit brought, December 1st 1865, by John Riegel and Stephen Riegel, trading as Riegel & Brother, against John J. Wagner and R. C. Wilson. The writ was served on Wilson and returned " *nihil*" as to Wagner. The cause of action was a promissory note, dated July 5th 1865, from Wagner and Wilson to Riegel & Brother, payable in four months, for $851.28. On the 16th of January 1866, judgment was entered by order of the court against Wilson for default of appearance, and damages assessed at $862.09. On the 12th of March 1866 Wilson pleaded freehold, and obtained a stay of execution. On the 5th of June the court granted a rule to show cause why the judgment should not be opened, and same day appointed a commissioner to take depositions " Ex parte R. C. Wilson, the defendant." Notice of the taking of the depositions was given to the attorney of the plaintiffs. The rule to open the judgment was made absolute, and the defendant pleaded to issue.

On the trial before Ryon, P. J., the plaintiffs gave the note in evidence, and rested.

The defendant then offered in evidence the deposition of William Lindemuth, taken ex parte on the rule to open the judgment, and proved that Lindemuth lived in Philadelphia, but that no subpœna had been taken out for him. The plaintiffs objected to the admission of the deposition. The court admitted it, and sealed a bill of exceptions for the plaintiffs.

Lindemuth testified that in 1865 he was salesman for the plaintiffs, and under their instructions, and with a power of attorney,

[Riegel v. Wilson.]

called on Wagner, who was a storekeeper and in their debt, for payment. Wagner gave witness a check for $2000, which was dishonored. Witness saw Wagner again, and they agreed that Wagner should transfer his goods to the plaintiffs in payment of their debt; if there should be anything over it was to go to Wagner. The goods were delivered to the witness for the plaintiffs, who ratified the transaction, and Wagner was employed to sell the goods, and sent them some money.

The defendant then offered in evidence the record of an action of trespass in Northumberland county by the plaintiffs against the sheriff of that county for taking a quantity of merchandise, consisting of dry-goods, groceries, &c.; and called G. D. Haughawout, Esq., who had been the attorney for the plaintiffs in the transactions with Wagner. He testified to about the same facts as Lindemuth. He testified further that the goods of Wagner, after the transfer to the plaintiffs, had been taken by their order to Locust Gap, Northumberland county, and that the suit against the sheriff had been brought for part of the goods claimed by the plaintiffs which had been taken to Locust Gap. The suit had been brought in mistake, and had been abandoned. He further testified that about July 1st 1865, Wagner having failed to send money to the plaintiffs, one of the plaintiffs came to take possession of the goods and remove them. Wagner and his family being in distress about it, and he offering to buy the goods, Riegel agreed to sell them to him upon his giving, in a day or two, three notes of about $851 each, with security; the aggregate of the three notes being the amount of Wagner's indebtedness to the plaintiffs. In a day or two Wagner brought back two of the notes, that in suit being one; he gave them to Riegel who accepted them, Wagner at the same time promising to give security on the third note. Riegel, having to go home, told Wagner to bring the other note to witness, and then gave Wagner the goods in the store. In two or three weeks afterwards Wagner's store was closed by the sheriff. Wagner never delivered the third note to the plaintiffs. When the two notes were given, Riegel gave Wagner the possession of the goods, and told him that he should have brought the other note, but being satisfied he would do it, he therefore gave him the goods.

The witness, under objection and exception, further testified: " I think I was present a short time at sale; Sheriff Weaver sold them; I don't think there was any one with me; I think I gave the sheriff notice not to sell the goods—part of the goods were not paid for; I stated the facts to the sheriff; I think I forbid the sale in the name of Riegel & Co.; don't know whether the notice was public or private; I really can't tell whether it was in writing; I have no knowledge of Wagner being there; I don't know I was authorized at all to give notice; I was attorney for Riegel & Brother

[Riegel *v.* Wilson.]

I have already said; the suit was brought for those goods in Northumberland county; I think I employed the attorneys or authorized them to bring the suit; I was the attorney who brought this present suit for Riegel & Brother."

The record of the suit in Northumberland county was also admitted under exception for the plaintiffs. There was evidence that the defendant lived about five or six miles from the store in Northumberland county, and about two miles from the store which Wagner kept when he transferred the goods to the plaintiffs.

The plaintiffs asked the court to charge:—

"1. That the record in the suit showing that the defendant pleaded his freehold after judgment, and obtained thereby the benefit of stay of execution, and the evidence being that he lived in the neighborhood and knew all the facts of this case, or might have known them, he is estopped from setting up this present defence, and the plaintiff is entitled to recover.

"2. That the action against the sheriff of Northumberland county, brought in the name of Riegel & Brother, it being shown under the evidence in this case that it was brought in a mistake and is abandoned, has no tendency to discharge Wilson."

The court declined both these points.

"3. That the title to goods vested in Wagner, under the contract of sale by Riegel & Brother, on the 5th July 1865, and that the delivery of possession to Wagner by Riegel & Brother divested all the title of Riegel & Brother, and consequently there is no such failure of the consideration of the note as would discharge Wilson, the alleged surety, and the plaintiffs are entitled to recover."

The court answered: "Affirmed if the jury so find the facts, unless the jury believe the sale to Wagner was rescinded before the sheriff's sale."

The defendant asked the court to charge:—

"1. That if they believe from the evidence that John J. Wagner was to have the goods only upon condition that he would give three notes with surety, and have the goods back again, and never delivered the third note, nor complied with such contract, and that Riegel & Brother forbid the sale of the goods, and brought suit against the sheriff for selling the same, and that Riegel & Brother subsequently claimed the goods, and Wagner disclaimed title to them, no title passed to Wagner to the goods. The note in suit is without consideration, and the verdict of the jury should be for the defendant."

The court answered: "If the sale of the 5th July 1865, from Riegel & Co. to Wagner, was perfected, and the possession of the goods handed over to Wagner without any conditions as to the third note, but Riegel trusted Wagner for the amount and held the two notes, including the note against Wilson, as a part of the

purchase-money, then Riegel & Co. could not disaffirm the sale without the consent of Wagner, and Wilson would be liable; but if Wagner consented to a disaffirmance of the sale, and the sale was rescinded by Wagner's consent, before the note of Wilson fell due, then Wilson was discharged, and the verdict should be for the defendant.   Or if the sale was never completed, and Riegel & Brother refused to deliver the goods, and treated the contract of the 5th of July 1865 as not complied with, and disaffirmed it before the sheriff's sale, and before the note of Wilson fell due, then Wilson is not liable on the note.   The acts of Riegel & Co., after the 5th July 1865, in claiming title to the goods, are strong circumstances, and are evidence showing how the parties understood the agreement of the 5th July 1865."

" 2. That if the jury believe that Riegel & Brother, under a claim of right to do so, disaffirmed any sale, inchoate or complete, made to Wagner, and that Wagner did not assent to the same, but acquiesced, then Wilson was thereby discharged as surety on the note."

This was affirmed.

The verdict was for the defendant.   The plaintiffs took a writ of error, and assigned nine errors; three to the admission of the evidence objected to,—five to the answers to the points; the 9th was that the court erred in opening the judgment against the defendant.

*B. B. Cumming* (with whom was *G. D. Haughawout*), for plaintiffs in error.—Lindemuth was alive and within the jurisdiction of the court, and the deposition was taken ex parte;—it should have been rejected: Haupt *v.* Henninger, 1 Wright 138. The power of the court to open a judgment obtained adversely does not extend beyond the term at which it was obtained: Mather's Executors *v.* Patterson, 9 Casey 485; Catlin *v.* Robinson, 2 Watts 379; Stephens *v.* Cowan, 6 Id. 511.

*F. W. Hughes* (with whom were *H. S. Marr* and *J. W. Ryan*), for defendant in error, cited Eldred *v.* Hazlett as to the opening of the judgment.

The opinion of the court was delivered, February 4th 1869, by SHARSWOOD, J.—It will be best to consider the several assignments of error in this case in their order.

The 1st is to the admission of the deposition of Henry Lindemuth.   There had been a judgment by default for want of appearance, and on a rule to show cause why that judgment should not be opened, the deposition in question had been taken ex parte, but on due notice.   This court has already decided that depositions taken on such a rule are admissible on the trial when

[Riegel *v.* Wilson.]

the witness is dead: Haupt *et al. v.* Henninger, 1 Wright 138. Here the witness was not dead, nor was he out of the state. But it was a deposition in the very same cause, though on a previous hearing. We have not been furnished with the copy of any rule of court of the Common Pleas of Schuylkill county, but we are bound to presume that the deposition was within the rules of court on the subject. The rule most usual is that if the witness resides more than forty miles from the place of trial, it shall not be necessary to compel his personal attendance, but his deposition, if regularly taken, shall be read. Had this been a deposition taken in another cause between the same parties, and relating to the same subject-matter, it would have been within the 1st section of the Act of March 28th 1814, 6 Smith 208; as it is unquestionable that it might have been read on the hearing of the cause in which it was taken. *A fortiori* it may be used on a subsequent trial of the same cause.

The 2d error assigned is to the admission of the evidence offered by defendant to show that at the sheriff's sale of the goods in question as the property of Wagner, the sale was forbidden by the attorney of the plaintiffs. The defence to the action was that the contract of sale in part performance of which the note in suit was given had been rescinded by the parties. Any evidence of acts or declarations by the plaintiffs inconsistent with the hypothesis that the sale was a perfect subsisting one was surely relevant and admissible.

The 3d error assigned was to the admission of the certified copy of the record of a suit brought in the names of the plaintiffs against the sheriff of Northumberland county in the Common Pleas of that county, to recover damages for an alleged trespass in taking and carrying away the goods in question, being the property of the plaintiffs. This record was clearly relevant and admissible for the reason given as to the admission of the evidence referred to in the 2d assignment.

The 4th assignment is that the court below erred in their answer to the plaintiffs' 1st point, which was in substance that the defendant by pleading his freehold in stay of execution was estopped from setting up his present defence. This the court declined to charge, and we think rightly. What would have been the case if the defendant had obtained a stay by entering security it is not necessary to consider. But being a freeholder he was entitled to the stay under the Act of Assembly of June 16th 1836, § 3, Pamph. L. 762, and without any plea filed by him, if an execution had issued, the court would have set it aside, as indeed was done in this case. Although it is the usual and convenient practice for a defendant to file a plea of freehold, and to justify it when ruled to do so, it is not necessary. The fact was certainly evidence against the defendant, showing that his present

[Riegel *v.* Wilson.]

defence was an after-thought, but it could not be considered as an absolute estoppel, as the plaintiffs were put in no worse position than they were without this proceeding. The court had, notwithstanding the plea of freehold, opened the judgment on the ground of evidence of a defence subsequently discovered. Whether this was a rightful exercise of their discretion we are presently to consider. But that had nothing to do with the issue which was legitimately on trial before the jury.

The 5th error assigned is that the court declined to affirm the plaintiffs' 2d point: "that the action against the sheriff of Northumberland county, brought in the name of Riegel & Brother, it being shown under the evidence in this case that it was brought in a mistake, and is abandoned, has no tendency to discharge Wilson." It is evident that it would have been error in the court to affirm this point as put. The rule of law is that "to questions of fact the judges are not to answer." How could the judge answer this point affirmatively without instructing the jury thereby that the fact of mistake had been proved? If the court have a right to direct the jury that certain facts are proved or not proved, then the jury are bound to obey the direction: Zerger *v.* Sailer, 6 Binn. 27. Questions proposed by counsel should be confined to matter of law, and if facts are introduced, it should be hypothetically, leaving it to the jury to decide them: Sweitser *v.* Hummel, 3 S. & R. 232.

The 6th, 7th and 8th assignments of error may be considered together. The answers to the plaintiffs' 3d point, and the defendant's 1st and 2d points, submitted it as a question of fact to the jury whether the sale of the goods in question from the plaintiffs to Wagner had not been rescinded by the parties. We think that in this there was error. The plaintiffs had originally sold the goods to Wagner, and upon his failing to pay for them, took from him a transfer of them as their own again, leaving him in possession as their agent. As however he remitted no money to them, they threatened to remove him. At his solicitation they agreed again to sell him the goods, he undertaking to give them three notes for the price with security. He procured and handed them two of the notes, one of them being the joint and several note now in suit. Thereupon the plaintiffs delivered the goods to Wagner, he promising to get the remaining note in a short time, and hand it to their attorney. Soon afterwards the goods were levied on by the sheriff as the property of Wagner. At the sale the plaintiffs' attorney gave notice to the sheriff that the goods belonged to the plaintiffs and afterwards directed suit to be commenced against the sheriff. It does not appear that the notice was a public one to the bidders, nor that Wagner was present. Whether the sale was an absolute or conditional one was a question for the jury, upon which however there would not seem to be much doubt

[Riegel *v.* Wilson.]

under the well settled law as laid down in Scott *v.* Wells, 6 W. & S. 357, but if it was absolute it might undoubtedly be afterwards rescinded by both parties. So the judge very properly held. The acts of the attorney of the plaintiffs, if he had authority, which the jury might have inferred from his general employment in the case, were certainly evidence so far as the plaintiffs were concerned, but the judge instructed the jury that they must be satisfied that Wagner, the other party, also agreed or acquiesced. There was no evidence however of such agreement or acquiescence, and it is error to submit a question of fact to the determination of the jury, of which there is no evidence. Had it been shown that Wagner was present at the sheriff's sale, and heard a notice there publicly given that the goods belonged to the plaintiffs without any objection or protest on his part, it would have been evidence to go to the jury that he had agreed to rescind the sale. This does not appear, but on the contrary the proceeds of the goods were applied to the payment of his debts without any notice by him.

The 9th assignment of error is that the court erred in opening the judgment against Wilson. The ground of this alleged error is that the term at which the judgment was entered had gone by. The rule to open was not taken until the succeeding term. A doubt was expressed in Mather's Executor *v.* Patterson, 9 Casey 487, whether it was in the power of the court to open a judgment obtained adversely after the term had gone by. However that may be, it has no application to a judgment by default for want of appearance. Such a judgment ought to have no greater force than a judgment by confession, or on warrant of attorney by *nil dicit*, or *non sum informatus*, over which it has never been pretended that the court does not possess full power after the term. It might be productive of the most monstrous injustice to hold otherwise. It would preclude any relief even where the writ had not been served, or appearance had not been entered by the negligence of the attorney, and thus turn the injured party over to an action against the sheriff or the attorney for redress. In all cases where such a judgment is opened its lien is unaffected, and where an execution has been levied on personal property the court will take care to preserve its lien or put the defendant on terms of giving security for the debt. We cannot say that there was in this case any excess of power, and it is undoubted that the opening of a judgment is a matter which rests in the sound discretion of the court below, and cannot be reviewed on a writ of error.

Judgment reversed, and *venire facias de novo* awarded.