# Kozuhowski and Reuss, Appellants, *v.* Snigel and Snigel.

*Practice C. P.—Affidavits of defense—Judgment for want of—Petition to open judgment.*

An order of Court making absolute a rule to open a judgment entered for want of an affidavit of defense, will be affirmed where it was shown that the affidavit, which set up a good defense, was presented to the Prothonotary's clerk, with the request that it be marked "filed," on the 16th day after service of statement and before judgment had been taken.

Courts are disposed to open judgments by default if application therefor is made promptly, when a good defense is presented on the merits, and the default was due to the act, oversight or delay of one of their own officers, be he attorney or clerk.

Argued October 13, 1926. Appeal No. 85, October T., 1926, by plaintiff from judgment of M. C. Philadelphia County, August T., 1925, No. 894, in the case of Kasmir Kozuhowski and Joseph Reuss, co-partners trading as Kozuhowski and Reuss, v. Charles Snigel and Kamila Snigel. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Rule to open judgment. Before Walsh, J.

The facts are stated in the opinion of the Superior Court.

The Court made absolute the rule. Defendants appealed.

*Error assigned* was the order of the Court.

*William S. Fenerty,* for appellants.

No appearance and no printed brief for appellee.

Opinion by Keller, J., March 3, 1927:

Plaintiffs brought this action of assumpsit to recover commissions alleged to be due them under a

written contract constituting them defendants' exclusive agents for the sale of certain real estate owned by the latter. Judgment was taken on September 11, 1925 for want of an affidavit of defense.

On September 21, 1925, defendants filed a petition praying for the opening of said judgment, alleging that the affidavit of defense had actually been filed in the prothonotary's office on the morning of September 11th and before any judgment had been entered in the action. A rule to show cause was granted which was submitted to the court on petition and answer, without depositions or argument, and was discharged on November 6, 1925. On November 16, 1925, on petition of the defendants, alleging a misunderstanding as to the taking of depositions, the court granted a rule to show cause why a re-argument of the rule to open said judgment should not be had, and subsequently made the rule absolute and gave leave to the defendants to take depositions in support of the rule to·open. On February 2, 1926 after consideration of the depositions taken in behalf of both parties the court made absolute the rule to open the judgment and let the defendants into a defense, and on February 8, 1926 the affidavit of defense was duly marked "filed."

Plaintiffs complain of the action of the court in (1) ordering a re-argument of the rule; and (2) making absolute the rule and opening the judgment.

It appears from the record that the affidavit of defense was duly sworn to by Charles Snigel on behalf of the defendants on September 9, 1925. It unequivocally denied that the defendants had ever entered into or authorized the contract declared upon by plaintiffs and averred the alleged signature thereto of Charles Snigel to be a forgery; and further averred that defendants were not the owners of the real estate re-

ferred to in the contract on the day of its alleged date. It unquestionably set up a sufficient defense. Had it been filed on that day or the next, this controversy would not have arisen; but through the delay or oversight of their attorneys it was not brought or sent to the prothonotary's office until September 11th, the sixteenth day after service of the statement. From the depositions, it was possible for the court to find that on September 11th before any judgment by default had been taken, defendants' attorney presented the affidavit to a clerk in the prothonotary's office and requested it to be marked filed at once, as it was already overdue; and that the clerk who was busy with other matters refused to do so, whereupon it was left in the box for receiving papers and was not reached until after judgment had been taken, and was not entered on the docket for that reason. In view of this, we cannot say there was a clear abuse of discretion by the court below, and unless that appears we will not reverse. Courts are disposed to open judgments by default if application therefor is made promptly, when a good defense is presented on the merits, and the default was due to the act, oversight or delay of one of their own officers, be he attorney or clerk: Cinnaminson Park Co. v. Laws, 63 Pa. Superior Ct. 189; Public Ledger Co. v. Kleinman, 75 Pa. Superior Ct. 345; Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441; Robert Baile Co. v. Stong, 84 Pa. Superior Ct. 242. The order is the action of the court, not of the judge who may be sitting when it is entered; and the fact that the motion judge who was sitting when the petition for a re-argument was presented was not the same judge who was sitting when the petition to open the judgment was filed is of no consequence.

The order is affirmed and a procedendo awarded.