Albert M. Greenfield & Co., *v.* Roberts, Appellant.

Argued March 17, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Hugh Roberts,* in propria persona, with him *George S. Wolbert,* for appellant.

*Jerome L. Markovitz,* with him *Kraus & Weyl* for appellee.

OPINION BY KELLER, P. J., April 21, 1939:

The printed record brought up before us on appeal is incomplete, and reference to the original record has not helped us much. The repeated inclusion of the same deposition leaves it in a confused state. This much does appear from the record:

On November 18, 1936 an amicable action in assumpsit was entered in the court below, between Albert M. Greenfield & Co., as plaintiff, and Hugh Roberts, as defendant, for the recovery of $732.85, which the plaintiff averred was due by the defendant under the terms of a written lease for certain premises, to wit, No. 507 Market Street National Bank Building, between Albert M. Greenfield & Co., Agent, as lessor, and said Hugh Roberts, as lessee; and by virtue of a warrant of attorney to confess judgment for the rent due and owing under said lease, contained in said lease, an attorney appeared for said Hugh Roberts and confessed judgment in favor of the lessor, *Albert M. Greenfield & Co., Agent,* for $732.85.

On November 19, 1936, an attachment execution was issued on this judgment summoning the Market Street National Bank as garnishee.

To interrogatories filed, the garnishee made answer that at the service of the attachment it had in its possession the sum of $537.38 standing in the name of Hugh Roberts, Attorney. It further represented that

it had been notified that the entire balance in said account belonged to clients of said Hugh Roberts, to wit, the Estate of Emil W. Diehl, deceased, and Sarah Jane Diehl, the administratrix of said estate, and that the defendant, Hugh Roberts, had no personal interest in the said account. It thereupon obtained a rule on said Sarah Jane Diehl, Administratrix of the Estate of Emil W. Diehl, deceased, and Albert M. Greenfield & Co. to show cause why they should not interplead as to the subject matter of the attachment, and why the garnishee should not have leave to pay the said fund of $537.38, less counsel fees and costs, into court and be thereby relieved from all further liability—which said rule after answers filed by Hugh Roberts and Sarah Jane Diehl, Administratrix, was made absolute on February 13, 1937.

In the meantime on February 11, 1937, on petition of Hugh Roberts, a rule was granted by Judge KALODNER on Albert M. Greenfield & Co., Marniper Realty Co., the owner of the leased premises, and Market Street National Bank to show cause why: (1) the confession of judgment under the amicable action in assumpsit should not be stricken off; and (2) why the money in the account of Hugh Roberts, Attorney, in the Market Street National Bank, amounting to $537.38 should not be decreed to be the money of the Estate of Emil W. Diehl, deceased, and that none of said account is the property of said Hugh Roberts and subject to the said judgment and attachment; and (3) that Hugh Roberts have opportunity to present proof why said judgment should not be opened and said Hugh Roberts be let into a defense that none of said moneys belong to said Hugh Roberts personally, subject to any judgment or attachment on any of his personal obligations. That was the form of the rule granted.

Depositions were taken on behalf of both plaintiff and defendant, which were filed June 22, 1937. The

same day, June 22, 1937, the appearance docket shows an entry, 'Rule discharged'. No written order or paper was filed, and the order is not endorsed on the petition or rule entered pursuant to it, but, presumably, it had reference to the rule granted February 11, 1937. No appeal was taken from that order.

On August 31, 1937, the said defendant, Hugh Roberts, presented his petition asking that the judgment above mentioned be opened and the defendant allowed to defend, on which the court granted a rule on the plaintiff to show cause why the said judgment should not be opened and defendant let into a defense, returnable September 7, 1937, at 10:00 A. M.

To this rule an answer was filed by the plaintiff, and depositions taken on former proceedings were filed by both plaintiff and defendant, and on June 3, 1938 the rule was discharged.

On June 13, 1938 certiorari from this court was filed on appeal by defendant.

On June 27, 1938, the opinion of the lower court was filed giving its reasons for discharging said rule. While rather of the opinion that the defendant had not made out a probable defense, it felt "compelled to discharge the rule on the technical ground of res adjudicata."

The court went on to say: "In *Ahl, to the use of Long, v. Goodhart et al.,* 161 Pa. 455, the Supreme Court held, that where a rule to open a confessed judgment has been discharged, the defendant cannot subsequently, on a scire facias to revive the judgment, set up as a defense the same matters that were passed upon by the court on the rule to open the judgment. Such matters are res adjudicata. In enunciating this rule the court said: 'The principle of the cases is that a party who has submitted his alleged grievance to a court of competent jurisdiction and has had the same adjudicated, has had his day in court, and cannot be again heard, as to the same matters, in another form

of proceeding.' Here the defenses offered are the counterpart of those set out in the first petition to open the judgment. Defendant, having had his day in court, cannot subject the plaintiff to the trouble and expense of again defending the same rule, nor will he be permitted to burden the court with the same matter twice. Defendant's remedy was to have appealed from the action of the court in dismissing the first rule on June 22, 1937, as provided by the Act of May 20, 1891, P. L. 101. For the above reason the rule to open the judgment was discharged."

If the rule granted February 11, 1937 had been to show cause why the judgment should not be opened and the defendant Hugh Roberts let into a defense generally, we should unhesitatingly agree with the court below, for then, it would have been his duty to appeal from the order discharging the rule, and he would not be entitled to be heard again on the same matter on a second rule.

But a reference to the order of February 11, 1937, granting the rule to show cause, shows that it related (1) to *striking off* the judgment for defect in its entry, rather than *opening* it. The distinction between the two is stated in *Rome Sales & Service Station v. Finch*, 120 Pa. Superior Ct. 402, 404, 405, 183 A. 54. The former is in the nature of a demurrer to the record; the latter is a substitute for a bill in equity; and the refusal to strike off a judgment does not bar a later petition to open. The order (2) also granted a rule, as to the attachment execution issued on the judgment, to show cause why the money in the account of Hugh Roberts, Attorney, in the garnishee bank should not be decreed to be the money of the Estate of Emil W. Diehl, deceased, and none of it to be the property of Hugh Roberts, and subject to the attachment. This was in the nature of a rule to dissolve the attachment. And, thirdly, it afforded Roberts the opportunity to "present

proof why said judgment should not be opened and said Hugh Roberts be let into a defense *that none of said moneys belong to said Hugh Roberts personally, subject to any judgment or attachment on any of his personal obligations.*" This was not a rule to show cause why the judgment should not be opened generally and the defendant let into a defense on the merits, but rather gave him opportunity to show that the moneys attached in the hands of the garnishee were not his personal funds. It related to the attachment execution and did not raise the question of a defense on the merits to the judgment such as was raised in the motion to open of August 31, 1937.

As no opinion was filed in discharging the rules so granted, we are left in the dark as to just what was considered and passed on by the court.

(1) As the judgment confessed was in favor of "Albert M. Greenfield & Co., Agent," even though captioned and docketed, "Albert M. Greenfield & Co.," it was in strict accord with the lease, and not subject to be stricken off on that account. (2) The rule for an interpleader was made absolute on February 13, 1937, and the matters raised under the second subdivision of the rule of February 11, 1937 could properly be decided applies to the third matter covered by the rule, if restricted to what it specifically provided for.

Furthermore, the answer filed by plaintiff to the rule of February 11, 1937, and the depositions taken in support of the answer and contra to the rule refer to it as "Rule to show cause why confession of judgment in amicable action in assumpsit under lease should not be stricken off and attachment dissolved."

In this state of the record, we are not satisfied that the court below in passing upon the rule of February 11, 1937 gave any consideration to the question of opening the judgment on the merits, as was asked for in the petition of August 31, 1937, or that the discharge

of the rule of February 11, 1937 was in effect a discharge of a rule to open the judgment on the merits, and therefore res judicata as to the rule granted August 31, 1937.

We are of opinion, therefore, that the matters raised by the rule to open the judgment and let defendant into a defense were not passed upon or decided by the court in discharging the prior rule on June 22, 1937 and should be considered under the present rule.

The matter, which we think requires special consideration by the court below is whether when a tenant gives notice of the termination of his lease, pursuant to its terms, which is accepted by the landlord, but the landlord refuses to permit him to vacate the premises because of an unpaid balance of rent claimed to be due, the *involuntary* retention of the tenant's goods in one room of the leased premises effects a renewal of the lease, subjecting the tenant to liability for another year's *rent,* or merely authorizes the landlord to charge a reasonable sum for storage, as a necessary item of expense, against the proceeds of sale on distress for rent.

The order is reversed and a procedendo awarded.