## Markell v. Lang Machine Co., Inc.

*Robert E. Tucker*, for plaintiff.
*William S. Smith*, for defendant.

McLEAN, J., June 28, 1972.—This proceeding was commenced in our court when the plaintiff filed here an appropriate copy of the record of the Ohio Court of Common Pleas in which plaintiff procured a judgment against defendant which was entered there by default when defendant failed to answer or appear. Plaintiff, an Ohio resident, had obtained service on defendant, a Pennsylvania corporation with its office and business activities in Pittsburgh, by service on the Ohio Secretary of State pursuant to the Ohio long arm statute.

Shortly after the copy of judgment was filed here, defendant presented its petition to strike the judgment, or, in the alternative, to open it, and on December 21, 1970, a rule to show cause was granted. Depositions were subsequently taken, and a stipulation of facts was filed.

Then in March of 1972, the case was set for hearing before the motions judge presiding for that month. Following a review of the evidence and an argument, the hearing judge denied the petition, finding that there was valid service under the Ohio long arm statute in that the activities of defendant were activities encompassed within that statute. Defendant agrees that the Ohio statute is a valid statute, but disputes the conclusion that the activities of defendant are encompassed within that statute and, therefore, believes that the hearing judge was in error.

Five days after the order and opinion of the hearing judge were entered, defendant filed exceptions, and these exceptions have been argued to the court en banc. Plaintiff attacks the procedure, asserting that the universal practice has been to appeal directly to the appropriate appellate court when there has been a refusal by

the hearing judge to open or strike a judgment. It is true that the standard practice here is as asserted by plaintiff, and that the practice is in accordance with the statute which authorizes appeals in such cases being the Act of May 20, 1891, P. L. 101, as amended by the Act of June 3, 1971, P. L. 113 (No. 61), 12 PS §1100:

"In all cases of application for the opening, vacating and striking off of judgments of any kind, whether entered by amicable confession, upon warrant of attorney or otherwise, any party aggrieved by the decision of the court opening, vacating or striking off or the refusal to open, vacate or strike off such judgment, may appeal therefrom."

Defendant relies upon Smith v. Dale, 405 Pa. 293 (1961), as authority in support of the propriety of the procedure it has followed. In that case a default judgment was entered in a suit in assumpsit where no appearance or answer was filed. Defendant there petitioned the court to open the judgment, and on the return day the hearing judge entered an order discharging the rule to show cause that had been granted. Later that same day, counsel for defendant asked the hearing judge for a rehearing on the petition, and the judge directed that the issue be placed on the general argument list for consideration by a court en banc. Subsequently, the court en banc vacated the original order discharging the rule to show cause and then opened the judgment. On appeal, it was contended that the original order of the hearing judge discharging the rule to show cause was a final order, that an appeal should have been taken from that order, and that the court en banc had no power or authority to give further consideration to the request to open judgment. That contention was rejected, the Supreme Court stating as follows:

"Under the Act of May 20, 1891, P. L. 101, §1, 12 PS

§1100, in all cases involving the application for the opening, vacating and striking off of judgments of any kind, a party aggrieved by the decision of the court may appeal at that stage of the proceeding. If no such appeal is taken and the judgment involved is one entered by amicable confession, upon warrant of attorney *or by default,* the order opening the judgment or *discharging the rule to open* is interlocutory in nature, rendered in an equitable proceeding and may be fully reviewed by the court at a subsequent term. Under such circumstances the discharge of the rule to open judgment will not prevent the court from entertaining a renewal of the application to open at a subsequent term. See Home B. & L. Assn. v. Houlihan, 373 Pa. 43, 95 A. 2d 189 (1953); Markofski v. Yanks, 297 Pa. 74, 146 Atl. 569 (1929); Trescott v. Co-operative Building Bk., 215 Pa. 438, 64 Atl. 630 (1906) and Kozuhowski & Reuss v. Snigel & Snigel, 90 Pa. Superior Ct. 75 (1927). The rule against opening, amending or vacating a judgment after the expiration of the term does not apply to interlocutory orders or to judgments by default. See Riegel v. Wilson, 60 Pa. 388, 394 (1869); Breden v. Gilliland, 67 Pa. 34 (1871). Therefore, the court en banc had the power and authority to fully review the order discharging the rule to show cause and under the facts such action was clearly indicated." (Emphasis from text at page 295.)

It would thus appear that with respect to the limited types of judgment set forth in the above quotation, a party, whose petition to open is denied, has the choice of appealing at that time to an appellate court, or of endeavoring to bring the matter before a court en banc, or of letting the matter stand in abeyance, to be pursued again at some future time if execution has not issued in the interim. Thus, we cannot dismiss defendant's exceptions on procedural grounds.

With respect to the question whether the hearing judge was in error in refusing to open or strike the judgment, we are satisfied from our review of the opinion entered at that time that the hearing judge considered the evidence and was correct in his determination that the Ohio court had jurisdiction to enter the judgment that was entered. Accordingly, the exceptions of defendant will be dismissed.

## ORDER

And now, June 28, 1972, following oral argument and a consideration of the briefs of counsel, it is ordered that the exceptions filed by defendant are dismissed.